**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**LLOYD HOLLINGSHEAD**                                                    **PLAINTIFF**

**V.**                              **NO. 4:19-CV-712-BD**

**ANDREW SAUL, Commissioner**
**Social Security Administration[1]**                                    **DEFENDANT**

**ORDER**

## I.    Introduction:

On December 22, 2016, Lloyd Hollingshead applied for disability benefits, alleging

disability beginning on March 30, 2014.[2] (Tr. at 10) Mr. Hollingshead's claims were

denied initially and upon reconsideration. *Id*. After conducting a hearing, the

Administrative Law Judge (ALJ) denied Mr. Hollingshead's application. (Tr. at 23) Mr.

Hollingshead requested that the Appeals Council review the ALJ's decision, but that

request was denied. (Tr. at 1) Therefore, the ALJ's decision stands as the Commissioner's

final decision. Mr. Hollingshead filed this case seeking judicial review of the decision

denying his benefits.

---

[1] On June 6, 2019, Andrew Saul became Commissioner of the Social Security
Administration. He is substituted, therefore, as the Defendant. FED. R. CIV. P. 25(d)

[2] Mr. Hollingshead amended his alleged onset date to April 1, 2016. (Tr. at 10)

## II.   **The Commissioner's Decision**:

The ALJ found that Mr. Hollingshead had not engaged in substantial gainful activity since the amended alleged onset date of April 1, 2016. (Tr. at 13) At step two of the five-step analysis, the ALJ found that Mr. Hollingshead had the following severe impairments: degenerative disc disease, diabetes mellitus, peripheral neuropathy, fibromyalgia, fracture of a lower extremity, dysfunction of a major joint, hypertension, loss of central visual acuity, depression, bipolar disorder, and neurocognitive disorder. *Id.*

After finding that Mr. Hollingshead's impairments did not meet or equal a listed impairment, the ALJ determined that Mr. Hollingshead had the residual functional capacity (RFC) to perform work at the sedentary level, with added limitations. (Tr. at 14-17) He could only occasionally climb stairs, and only occasionally balance, stoop, kneel, crouch, and crawl. *Id.* He could never climb ladders. *Id.* He could occasionally reach overhead bilaterally but could frequently handle and finger bilaterally. *Id.* He would have to avoid hazards such as unprotected heights and moving mechanical parts. *Id.* He could see with prescription lenses out of one eye only – monocular vision (blind in left eye); thus, he could not perform work requiring excellent vision. *Id.* He could perform simple, routine, and repetitive tasks (performed by rote). *Id.* He could make simple, work-related decisions requiring little judgment. *Id.* He could concentrate, persist, and maintain pace with normal breaks. *Id.* He could perform work with no more than incidental interpersonal contact with simple, direct, and concrete supervision. *Id.* He would need to use a cane to ambulate and balance. *Id.*

2

The ALJ determined that Mr. Hollingshead was unable to perform any past relevant work. (Tr. at 23) At step five, the ALJ relied on the testimony of a Vocational Expert (VE) to find, based on Mr. Hollingshead's age, education, work experience and RFC, that he was capable of performing work in the national economy as cutter/paster and table worker. (Tr. at 24-25). Thus, the ALJ determined that Mr. Hollingshead was not disabled. *Id.*

**III.   Discussion:**

A.   Standard of Review

In this appeal, the Court reviews the Commissioner's decision for legal error and to assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). The decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from the Commissioner's. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

B.   Mr. Hollingshead's Arguments on Appeal

Mr. Hollingshead maintains that the evidence supporting the ALJ's decision to deny benefits is less than substantial. His argument focuses on his vision impairment, arguing that the RFC failed to fully incorporate the opinions of the reviewing state-agency medical experts and, therefore, did not fully account for his limited vision. Since

Mr. Hollingshead limited his argument to his vision impairment, the Court will similarly focus its discussion.[3]

Mr. Hollingshead injured his left eye years before the relevant time period, which resulted blindness in that eye. (Tr. at 742-744) A consultative examining ophthalmologist noted on March 28, 2016, that Mr. Hollingshead had visual acuity of 20/30 in his right eye before lens correction and was completely blind in his left eye. *Id*. Mr. Hollingshead said at the hearing that his prescription lenses corrected the vision in his right eye. (Tr. at 45) The reviewing state-agency doctors documented left-eye blindness and opined that Mr. Hollingshead could not perform work requiring excellent binocular vision. (Tr. at 80-133). Specifically, the opinions detailed limitations of the left eye only. Specifically, the opinions stated that Mr. Hollingshead was "limited" in the left eye for near and far acuity, depth perception, accommodation, color vision, and field of vision. *Id*.

Mr. Hollingshead was able to visit with friends, go to church, watch television, shop in stores, drive occasionally, relate appropriately, engage with examiners, and maintain eye contact. (Tr. at 16, 730) He admitted that his only problem with driving was with back and leg pain rather than with difficulty seeing. (Tr.at 737) He did say that he walked with a cane, but the cane was not prescribed by a doctor. (Tr. at 44)

---

[3] See *Noerper v. Saul*, 964 F.3d 738, 741 n.1 (8th Cir. 2020) ("Although our detailed discussion is targeted, we have considered her arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.").

Mr. Hollingshead suggests that the ALJ improperly determined the vision portion of the RFC when she gave partial weight to reviewing doctors' opinions. He argues that the RFC should have included further limitations in bilateral vision, even though he testified that lenses corrected his vision. The interpretation of a physician's findings is a factual matter left to the ALJ; and she will consider the record as a whole in determining the weight to give each medical opinion. See *Mabry v. Colvin*, 815 F.3d 386, 390-91 (8th Cir. 2016). The ALJ need not rely on any particular medical opinion in making her decision. Furthermore, where an opinion is only partially consistent with other evidence in the record, an ALJ may give significant weight to some aspects of the opinion while discounting portions of the opinion that are not supported. *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000).

Here, the ALJ evaluated all of the evidence pertaining to Mr. Hollingshead's vision problems; that is, his left-eye blindness and correctable right-eye vision. (Tr. at 79-80, 740-743) The ALJ considered the left-eye limitations suggested by the reviewing doctors; and she discussed Mr. Hollingshead's ability to perform some daily activities requiring vision. (Tr. at 17-23) The resulting RFC acknowledged that Mr. Hollingshead could see out of one eye only and that he could not perform work requiring excellent vision. When directly questioned by the ALJ, the VE testified that the jobs he identified would allow for that limitation. (Tr. at 64) Thus, the RFC fully accounted for Mr. Hollingshead's credible limitations; and the jobs identified did not exceed his abilities.

5

Mr. Hollingshead cites to the *Gilbert* case from this Court for the proposal that an ALJ must craft an RFC that directly tracks the job descriptions in the *Dictionary of Occupational Titles* (DOT) or its companion reference, the *Selected Characteristics of Occupations Defined in the Revised DOT* (SCO). *Gilbert v. Berryhill*, 3:18-CV-198-PSH (E.D. Ark. July 29, 2019). Rather, the *Gilbert* case states that inexact or confusing RFC language ***may*** be cause for remand. The Court in *Gilbert* did not require RFC language to track DOT or SCO descriptions verbatim. *Id*. The Eighth Circuit has not mandated such a requirement of ALJs. Such a requirement would infringe on an ALJ's ability to weigh the various sources of occupational evidence, which is within her province. See *Finley v. Colvin*, 2015 U.S. Dist. LEXIS 117019 at *12, 20 (M.D. La. August 11, 2015)(plain language of hypothetical question posed to VE [and correlating RFC] does not require any particular language from the DOT or SCO); see also *Bede-Morrell v. Colvin*, 2014 U.S. Dist. LEXIS 84583 at *4 (W.D. Wash. June 20, 2014)(affirming denial of benefits and noting that the plaintiff cited "no authority that an ALJ is required to define, cite to, or cross-reference each and every descriptive word used in explaining the RFC"). The ALJ in this case carried her burden at step five.

## IV.   <u>Conclusion</u>:

There is substantial evidence to support the Commissioner's decision to deny benefits. The RFC incorporated fully the opinion evidence and Mr. Hollingshead's credible limitations. The finding that Mr. Hollingshead was not disabled within the

meaning of the Social Security Act must be, and hereby is, AFFIRMED. The case is

dismissed, with prejudice.

IT IS SO ORDERED this 27th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE